Federal Defenders
OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

September 9, 2026

**<u>By ECF</u>**
The Honorable Ronnie Abrams
Southern District of New York
40 Foley Square
New York, NY 10007

On consent of the Government, Mr. Rosario's request for the return of property is granted.

SO ORDERED.

Ronnie Abrams, U.S.D.J.
September 11, 2026

Re: <u>United States v. Pedro Rosario</u>
21 Cr. 484 (RA)

Dear Judge Abrams:

I write under Federal Rule of Criminal Procedure 41(g) respectfully to request that the Probation Office be instructed to return to Pedro Rosario the property that was taken when he surrendered at 500 Pearl Street on April 10, 2023, in connection with this violation of supervised release (VOSR) proceeding. Probation opposes this request: its position is that it requires a court order to return the property and that it opposes such an order because it has “reasonable suspicion” that the money is criminal proceeds. The United States Attorney’s Office defers to Probation as to whether it requires an order to release the property; but on the merits it states only that “there is no applicable criminal forfeiture; nor does the Government intend to institute a civil forfeiture action.” Thus, the government appears to agree with the defense that there is no authority permitting Probation to retain Mr. Rosario’s property at this time.

Based on my understanding, when Mr. Rosario arrived at the courthouse to meet with Probation following his 2023 arrest in Pennsylvania, his pockets were emptied and his shoelaces were taken. He was carrying approximately $1,900 in cash[1], a list of names, and his daughter’s cellphone. We request return of the cash and the cellphone.

Rule 41(g) allows for someone “aggrieved” by “the deprivation of property” to “move for the property’s return.” In this case, there is no forfeiture or restitution judgment, and no fine imposed. There is no special assessment. The VOSR proceedings are over and the judgment has been entered.

[1] It is not Probation’s practice to provide a property receipt. This is the sum that has been estimated to me.

Probation informs me that it opposes returning the property because it is "evidence of Mr. Rosario's underlying behavior related to the violation." Even if true, that is no basis for continued retention now that the VOSR is over: the specifications are either admitted or dismissed, and evidence no longer has value. Probation also informs me that "there is reasonable suspicion that the funds were obtained through the sale of illegal narcotics." Respectfully, it appears to counsel that Probation is confusing "reasonable suspicion" with "speculation." Reasonable suspicion is in any event a low standard, and counsel is aware of no authority under which it would justify the indefinite retention of property.

To be clear, we do not believe that either the cash or the phone is connected in any way to criminal activity. Counsel has seen documentary evidence indicating that it is Mr. Rosario's daughter's cellphone, and that she wants it back because it has her "memories" in it, *i.e.*, photographs. I have no reason to believe that the cash is criminal proceeds. It was not seized when Mr. Rosario was arrested in Pennsylvania. It is rather money that he kept on his person when he went to Probation to face these specifications. Many people carry cash when they believe they might be arrested, so that it can go on commissary. In addition, Mr. Rosario was living in a cash economy – a world of people who pay rent with money orders rather than bank transfers. The strongest inference is that this is not criminal proceeds. And in any event, Probation has not identified any lawful basis to retain the money.

The government informs me that it defers to Probation's position insofar as Probation believes that it requires a court order to return the property. The government's position on the merits is that there is no applicable authority providing for retention of Mr. Rosario's property.

For the foregoing reasons, I respectfully request that the Court endorse this letter to order Probation to return the money and cellphone seized upon Mr. Rosario's arrest – either to Mr. Rosario or to a relative whom he designates.

Respectfully submitted,

/s/

Benjamin Silverman
Assistant Federal Defender
(212) 417-8733

cc: Counsel of record (by ECF)
Probation Officer John Depierri (by email)